McKinney, J.
delivered the opinion of the court.
From the proof in this cause, as set forth in the bill of exceptions, it appears, that on the 10th day of August, 1838, William D. Orr, as the attorney in fact of David Vance, sold and covenanted to convey the tract of land in controversy to James Hopper. Under said covenant Hopper took possession of the land; and, after residing thereon one or two years, assigned said covenant to Edmond Doyle, who, thereupon, entered into possession and sowed part of the land in small grain, but died before moving his family thereon. After his death his family removed upon said land, and made one crop; after which the defendant, Fisher, entered into possession. The only witness who speaks of the defendant’s possession, says, that “whether he” (Fisher) “Went in under Orr, or Doyle’s administrators, he knew not; that said Fisher had been in possession three or four years when this suit was brought;” which was in Nov., 1847.
The counsel for the lessors of the plaintiff requested the circuit judge to instruct the jury, that if the defendant, Fisher, went into possession under Doyle’s administrators, such possession would not be sufficient to connect him with the previous possession of Hopper and Doyle. But the court declined doing so, and directed the jury, amongst other things, that if “defendant was put into possession by Doyle’s administrators, before two years had expired after their appointment,” “it would authorize him to connect his possession with the possession of Hopper and Doyle, and if seven years • adverse *213 holding in this way had elapsed, it would bar the right of recovery,” &c.
In this direction the court erred. An administrator is not the representative of the real estate of his intestate, and has no right of control over it. Any authority which he, as such, may assume to exercise over it, is an usurped authority, which can communicate no right whatever to the person in whose favor it is exercised. Therefore the delivery of possession of the land in question, if by the administrators of Doyle, was wholly inoperative in law to unite the defendant’s possession, thus acquired, with the prior possession of Hopper and Doyle. The defendant, upon this hypothesis, must be regarded as being in possession of the land, not in privity with the previous possessors, but as a wrongdoer, who cannot couple his possession with that of a prior possessor, so as to create the bar of the second section of the act of 1819.
Upon this ground the judgment must be reversed.